ADAM SHAFER, Plaintiff in Error, *v.* JOHN DAVIS, Defendant in Error.

ERROR TO BROWN.

Courts of equity will relieve parties against mistakes of fact, but not against mere mistakes of law.

ADAM SHAFER brought suit in the Brown Circuit Court against John Davis, for trespass in breaking his close and taking and carrying away rails, damaging grass, &c., at the September term, 1849.

Said John Davis filed his bill on the chancery side of said court, for an injunction to stay proceeding on said suit at law, setting out, that on the 10th day of April, 1848, said Davis was the owner in fee of S. E., S. E. Sec. 16, 1 S. 4 W., the premises upon which the trespass, in said suit at law, is charged to have been committed; that he, Davis, sold said premises to one Gillis, by contract in writing, and reserved the fences around a cer-

tain improvement thereon, with right to remove the same ; that Gillis sold to Shafer, and he, Davis, at the request of Gillis and Shafer, to save the expense of making two deeds, conveyed the said premises by deed to Shafer, and did not reserve said rails ; that he did not reserve the rails in the deed, because he did not know the effect of said deed without reservation ; that Shafer knew of the said reservation of the rails, and bought subject to it ; that Shafer and Gillis combined to defraud said Davis, in procuring deed from him to said Shafer without reservation.

Prays injunction, &c. Injunction granted. Defendant moved the court to dissolve said injunction. Motion was overruled.

*Answers.* The said Adam Shafer filed answers and amended answers. Admits the fee in Davis, as stated in the bill; the sale to Gillis, as stated in the bill, by agreement in writing; and after he purchased said premises, he was informed that said rails were reserved by Davis, but denies that the said reservation was contained in the said agreement of sale, or in any other writing; admits said Gillis sold to said Shafer, and delivered to him the said written agreement, and by parol authorized him to obtain a deed of said premises from said Davis ; that said Davis, at the request of Shafer and Gillis, executed a deed of said premises to Shafer, without reservation. Denies all combinations (and fraud) to defraud Davis, or to procure said deed; but says they applied to said Davis in good faith, and asked a deed under and by virtue of said written agreement, and requested the deed to be made to Shafer instead of to Gillis, and not for the purpose of defrauding Davis. Denies that, at the time of the sale, he knew the rails had been reserved, and belonged to Davis, and he had right to enter and take them. Denies that he knew that said Gillis had no right to the said rails. But states, on the contrary, that he did know said Gillis had a claim and right to said rails, and charges the fact to be, that before the sale from Gillis to Shafer, he, Shafer, applied to Davis, to know if said land, rails, and fences thereon, belonged to said Gillis, and said Davis informed him, Shafer, that Gillis was the owner of the land, rails, and fences thereon ; that he, Davis, had sold the said rails to Gillis, and Gillis was to pay him $27 therefor. Denies that he knew, at said sale of Gillis to him, that Davis was the lawful

owner of said rails, but charges that he did not know, at that or any other time thereafter, that said Davis was the owner of said rails by virtue of said written agreement or otherwise, but believed always, after Davis informed him of Gillis's interest in said premises, rails, and fences, that said rails had been sold by said Davis to said Gillis, and said Gillis had good right to sell the same; and, at the time said deed was made to him, he did not know that said rails were reserved in the original sale; that before and up to time of the deed of Davis to Shafer, said Gillis was, both at law and in equity, the owner of said rails and fences; and the legal and equitable title thereto passed to said Shafer, both by the contract and consent of said Davis and Gillis. Denies all fraud.

Defendant moved to dissolve the injunction. Motion overruled.

No replication is filed.

Cause heard upon bill, answers, exhibits, and oral testimony, before MINSHALL, J.

Decree making injunction perpetual, enjoining and restraining said Shafer, his agents, attorneys, and others, from proceeding in said action of trespass, or any other action or suit against said Davis, involving the title of said rails, and decreeing that said Shafer pay the costs, and awards execution therefor.

WILLIAMS & LAWRENCE and WARREN & EDMONDS, for plaintiff in error.

R. S. BLACKWELL, for defendant in error.

TREAT, C. J. This decree cannot be sustained. The bill discloses no case for the interference of a court of equity. It does not call for a discovery of facts, to aid the complainant in his defence to the action at law. Nor does it seek to reform the conveyance. It does not allege that any mistake was made in the writing of the instrument. The complainant does not pretend that he executed the deed under the impression that it contained a reservation of the fence. On the contrary, he expressly states that he did not require the reservation to be inserted, be-

cause he considered it unnecessary. He sets up no mistake of fact, but simply a mistake of law. This ignorance of his legal rights will not avail him. He charges a fraudulent combination between the defendant and Gillis, to procure a conveyance of the land without any reservation of the fence. But he does not allege that he was induced by their representations or artifices to execute the deed in question. Such a general charge of fraud cannot be regarded. The only pretence for sustaining the bill, is, that the complainant was mistaken as to the legal effect of the conveyance. Courts of equity will relieve parties against mistakes of fact, but not against mere mistakes of law.

The decree must be reversed, and the bill dismissed.

*Decree reversed.*