## DAVID SHAY, impleaded with ABRAHAM SHAY,

### *v.*

## WILLIAM PETTES *et al.*

1. MISTAKE — *reformation of.* To justify the reformation of an instrument on the ground of mistake, the evidence should be clear, free from suspicion and entirely satisfactory.

2. WITNESS — *competency — weight of testimony.* In a suit in chancery to correct an alleged mistake in a mortgage, a party to the instrument may be a competent witness, but his testimony should be corroborated by other testimony, or by circumstances showing that the other party had the same intention that he himself had.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JAMES HARRIOTT, Judge, presiding.

This was a bill in chancery, exhibited in the court below by William Pettes and Nathaniel W. Ingalls against Abraham Shay and David Shay, to correct an alleged mistake in a mortgage from Abraham Shay to one John A. Jones. Bill sustained in the court below.

All the facts necessary to an understanding of the case will be found in the opinion of the court.

Mr. B. S. PRETTYMAN, for plaintiff in error.

Messrs. ROBERTS & IRELAND, for defendant in error.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This is a suit in equity to correct an alleged mistake in a mortgage from Abraham Shay to John A. Jones. The supposed mistake is in the description of the northeast quarter of the northeast quarter of section seven, as the northeast quarter of the *southeast* quarter of the same section. It appears from the evidence that Jones sold and conveyed to Shay three tracts of land, each containing forty acres, one of which tracts was the northeast quarter of the northeast quarter of the said section; and that the mortgage in question was executed to secure a portion of the purchase-money. Jones testifies positively that it was understood and agreed between Shay and himself that the mortgage should include the three tracts of land sold. On the other hand, Shay testifies that he paid for the forty acre tract not included in the mortgage, and that it was not intended to be included therein. It is admitted that Shay never had any title to the northeast quarter of the *southeast* quarter of the section. We are unable to perceive any good reason for including lands in the mortgage to which Shay had no title, and it would have been more in accordance with the mode in which business of that nature is usually transacted, to have included the lands sold in the

mortgage. These are not, however, sufficient reasons for the correction of an alleged mistake. From the evidence, we are unable to find an agreement between the parties that the mortgage should include all the land sold, and that one of the parcels was omitted by mistake. We have no evidence by whom the mortgage was drafted, or under what circumstances it was executed. We have before us a written instrument selected by the parties as being the exponent of their intentions, but in regard to which they now widely differ. Jones, to say the least, has a strong bias in favor of the defendants in error; and Shay has an equally strong one in favor of the plaintiff. Under such circumstances the written instrument must be the criterion by which the rights of the parties are to be determined.

To justify the reformation of an instrument on the ground of mistake, the evidence should be clear, free from suspicion, and entirely satisfactory. A party to the instrument may be a competent witness, but his testimony should be corroborated by other testimony, or by circumstances showing that the other party had the same intention that he himself had. A written instrument would be of no value if courts were to reform alleged mistakes in it upon probabilities in regard to what was intended, derived from the conflicting statements of the parties. The object of the instrument is to determine controversies between parties under such circumstances. The decree of the court below is reversed and the cause remanded.

*Decree reversed.*