## JOSEPH OSWALD
### v.
## MARTINA SPROEHNLE.

1. REFORMATION OF DEED—MISTAKE.—To justify the reformation of a written instrument upon the ground of mere mistake, the alleged mistake must be one of fact and not of law, must be proved by clear and entirely satisfactory evidence, a mere preponderance of evidence not being sufficient, and the mistake must be mutual and common to both parties to the instrument.

2. MISTAKE IN CONSTRUCTION OF CLAUSE.—Where a clause in a deed was agreed upon by the parties, was put into the deed in terms as they agreed and directed it to be put in, and was then correctly read to and approved by them, but it did not bear the construction which one of the parties put upon it, or supposed at the time that it would bear. *Held*, that the mistake was in the construction of the clause, which is a mistake of law and not of fact, and affords no ground for the reformation of the deed.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding. Opinion filed April 8, 1885.

May 10, 1873, appellee sold and conveyed to appellant, by warranty deed, a piece of land described therein, situate in Cook county and within the assessment district for the South Park. The deed contained a covenant on the part of appellant, the grantee, that he would pay all taxes and assessments for the year 1873; also a covenant on the part of appellee, the grantor, that at the time of its execution, the premises conveyed were "free and clear from all liens, taxes, assessments and incumbrances of any kind or nature whatsoever." The appellant, at the time of the delivery of the deed, executed a trust deed to secure unpaid purchase money, for which he gave appellee several promissory notes, the last of which re-

Oswald v. Sproehnle.

maining due and unpaid, appellee, July 11, 1883, filed her bill to foreclose said trust deed.    Appellant answered the bill, setting up that at the time of the delivery of said deed from appellee to him, the premises were subject to a lien for a special assessment for said park, which had been levied in June, 1872, and then amounting to $649.72, payable in annual installments and drawing interest; that there was a valid lien on said premises, at the time of said conveyance, for all subsequently accruing installments, and which he had been compelled to pay to avoid sale of the land, and which sum should be deducted from his note.    He also filed a cross-bill setting up the same matters.    The appellant answered said cross-bill, and having obtained leave of the court, amended her original bill by setting up that at the time of the execution of her said deed to the defendant (appellant) "it was bargained, understood and agreed, by and between your oratrix and the said defendant, that all the taxes and assessments which were due and chargeable on said land for the year eighteen hundred and seventy-three and thereafter, including the second and subsequent installments of the assessment known as the South Park special assessment, which by its terms was payable in eight annual installments, the second of which installments was due and payable after the 10th day of May, 1873, should be assumed and paid by the defendant, and that your oratrix should not be liable therefor or chargeable therewith. That your oratrix sought to embody the said contract in her said deed, but through ignorance, inadvertence and mistake, so provided therefor that the clause relating thereto is in the following words: 'And the party of the second part agrees to pay all taxes and assessments for eighteen hundred and seventy-three,' instead of being as was the agreement and intention of the parties to said deed, so as to relieve your oratrix from the obligation to pay said second and subsequently accruing installments of the said South Park special assessment."    The prayer of the bill in this regard was, that the deed be reformed as to the clause last above mentioned, so that it may appear that said grantee therein assumed to

Oswald v. Sproehnle.

pay the second and subsequently accruing installments of the South Park special assessment, etc.

The case was heard upon pleadings and proofs, the complainant's evidence showing that the fact of such park assessment was fully known to both parties at the time of the conveyance, that the deed was read over to, and its contents fully understood by both the parties, and they both expressed themselves satisfied with it before it was signed and delivered. There was no evidence given upon the hearing, tending to show that there was any mistake of fact, or that the parties intended to insert any words in the deed which were omitted by mistake or accident, or that any words were inserted which they did not intend to have inserted. The appellee's testimony tends to show that there was talk between the parties of a very indefinite character, about what taxes the appellant was to assume, which resulted in putting in the clause that appellant should pay all the taxes and assessments for 1873; but there was no evidence, on the part of the appellee, of any clear or satisfactory character, tending to prove that the parties made any such agreement as is set out in the amended bill, and appellant explicitly denies the making it, or anything to that effect. The court below found for appellee, decreed that the deed be reformed as prayed, dismissed appellant's cross-bill, and ordered a foreclosure for the full amount of note and interest.

Mr. PERRY A. HULL, for appellant; that mistakes of law can not be relieved against, cited Beebe v. Swartwont, 3 Gilman, 178; Broadwell v. Broadwell, 1 Gilm. 605; Shafer v. Davis, 13 Ill. 397; Sibert v. McAvoy, 15 Ill. 106; Wood v. Price, 46 Ill. 440.

Mr. FRANCIS LACKNER and Mr. SIDNEY C. EASTMAN, for appellees; as to when mistakes of law will be relieved against, cited 18 Central Law Journal, p. 8; Stockbridge v. Iron Co., 107 Mass. 290; Lanning v. Carpenter, 48 N. Y. 408; Pomeroy's Eq., § 845; German v. Davis, 131 Mass. 316; Petesche v. Hambach, 48 Wis. 443; Zollman v. Moore, 21 Gratt. 313;

Oswald v. Sproehnle.

Morgan v. Dod, 3 Col. 51; Canedy v. Marcy, 13 Gray, 373; Stone v. Godfrey, 5 De G., M. & G. 76.

McAllister, J.   This was an application to a court of equity to reform a deed, upon the ground of mere mistake. The law is well settled, that to justify the reformation of a written instrument upon that ground, the alleged mistake must be one of fact and not of law; secondly, such mistake must be proved by clear and entirely satisfactory evidence; a mere preponderance of evidence is not sufficient; thirdly, the mistake must be mutual and common to both parties to the instrument.   Broadwell v. Broadwell, 1 Gilm. 599; Beebe v. Swartwout, 3 Gilm. 178; Shafer v. Davis, 13 Ill. 395; Sibert v. McAvoy, 15 Ill. 106; Shay v. Pettes, 35 Ill. 360; Wood v. Price, 46 Ill. 440; Emery v. Mohler, 69 Ill. 228; Sawyer v. Hovey, 3 Allen, 331; Andrews v. Essex Ins. Co., 3 Mason, 10; Stockbridge, etc., v. Hudson River Iron Works, 102 Mass. 48; Nevins v. Dunlap, 33 N. Y. 672.

There is no element of fraud or imposition in this case; nor is it one where the deed in question was prepared by a scrivener, and the parties had come to an oral agreement, some portion of which was omitted therefrom by mistake of the scrivener, or where he had put in terms which had not been agreed upon by like mistake.   The deed was, in fact, prepared by a scrivener of appellee's own choosing.   He wrote in it, while so preparing it, the clause sought to be reformed, viz.: "And the party of the second part agrees to pay all taxes and assessments for eighteen hundred and seventy-three," just as the parties to the instrument directed him to write it.   Then he read the instrument over to the parties, before it was executed, correctly, and as it was written.   They both declared themselves satisfied with it, and it was signed and delivered.

The deed contains an express covenant on the part of appellee, the grantor, that the premises were then free and clear from all taxes and assessments of every nature or kind.   The fact of the then existence of the South Park special assessment upon the premises was well known to both of the par-

ties. But the bill contains no allegation of any mistake relating to that express covenant. It stands, therefore, as a substantive and unassailed part of the instrument, which appellee is seeking to overcome by parol evidence. Emery v. Mohler, 69 Ill. 227.

But we are of opinion that the appellee failed, upon the hearing, to show by evidence that can be regarded as clear and satisfactory, that appellant did, during any of their conversations before, or at the time of the execution of the deed, come to any such agreement with her as is alleged in her amended bill. The upshot of the entire case is, that the clause first above mentioned was agreed upon by the parties; it was put into the deed in terms as they agreed and directed it to be put in; it was afterward correctly read to and approved by them; but it turns out that it will not bear the construction which appellee put upon it, or supposed at the time that it would bear. The mistake then was in the construction of the clause, which is a mistake of law and not of fact, and which can afford no ground for the reformation of the deed.

The decree of the court below will be reversed and cause remanded for further proceedings not inconsistent with this opinion.

                                        Decree reversed.

WILSON, P. J., dissents.