ARTHUR W. WINDETT

v.

THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY

ET AL.

*Mortgages—Forecl sure—Bill in Nature of Bill of Review—Jurisdiction—Former Adjudication—Absolute Conveyance as Mortgage—Parol Agreement—Evidence.*

Windett v. Conn. Mut. Life Ins. Co.

1.  An original bill in the nature of a bill of review, as well as a bill of review proper, must be brought in the court in which the decree sought to be reviewed was rendered.

2.  A former adjudication by a court of competent jurisdiction is not only final as to the matter actually determined, but as to every other matter which the parties were bound to litigate and bring to a decision as an incident to, or essentially connected with, the subject-matter in litigation.

3.  Where the mortgagor has permitted a decree *pro confesso* in the United States Circuit Court, upon a bill to foreclose a mortgage, filed in violation of an agreement to extend the time of payment, he can not maintain, in a State court, an original bill in the nature of a bill of review to redeem from the sale under such foreclosure.

4.  In the case presented it is *held:* That a strong presumption arises that the former relation between the parties of mortgagor and mortgagee was terminated by the foreclosure proceedings; that the testimony to overcome such presumption must be strong, positive and convincing; and that the evidence does not sustain the contention of the complainant that such arrangement was continued by parol agreement made pending such proceedings.

[Opinion filed July 3, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. W. C. GOUDY and JOHN WOODBRIDGE, for appellant.

Messrs. ISHAM, LINCOLN & BEALE, for appellees.

McALLISTER, J.   In March, 1879, Windett being indebted to the Connecticut Mutual Life Insurance Company in the sum of $94,500 as principal, besides accrued interest, for moneys theretofore loaned to him by said company and which had been secured by mortgages given by him to said company, upon different parcels of real estate situate in and about the city of Chicago, as to which he had made default in payment, the said company, for the purpose of foreclosing said mortgages, brought two suits in equity in the United States Circuit Court for the Northern District of Illinois against him, in each of which there was due personal service of process.   The first of said suits was begun March 15, 1879, and a decree *pro confesso* was entered November 23, 1880, with reference to a

master to ascertain the amount due, and July 16, 1881, the usual decree finding the amount due and for sale and foreclosure was entered. November 17, 1881, the master's sale under the decree was made, said company being the purchaser. And, no redemption having been attempted, February 20, 1883, the master's deed of the premises so sold was issued to said company as the purchaser. In the other case suit was brought March 17, 1879, in which a decree *pro confesso* and of reference was entered November 23, 1880, followed by decree finding the amount due and for sale and foreclosure entered June 22, 1881. Under that decree the master's sale was made September 23, 1881, and there having been no attempt to redeem, the master's deed was issued January 30, 1883, to said company, the purchaser at such sale. All of which proceedings were followed by the order of the court confirming the same.

June 17, 1885, Windett filed his bill in the Cook County Circuit Court against the said company, in this present suit to redeem, which appears to be framed in two aspects: First, in the aspect of an original bill in the nature of a bill of review, for the purpose of setting aside the decrees of the Federal court so far as they affect his right of redemption, on the ground that while such suits were pending, he entered into an agreement with said company to extend the time of payment of the whole indebtedness as respects principal, for five years, and to reduce the interest from the rate of nine per cent. per annum, as provided for in the mortgage, to six per cent. only, such reduction to take effect from January 1, 1878; that said company, in bad faith and in violation of said agreement, caused said decrees to be entered before the expiration of said five years and for the original, instead of the reduced rate of interest. Secondly, in addition to such agreement for extension of time of payment and reduction of interest, there was an agreement made between the parties pending said suits in the Federal court, to the effect that the defendant therein should have the right to redeem the mortgaged premises irrespective of what was done by the plaintiff in said suits, by paying the amount actually due; and that by

the assurances, promises and representations made by the officers and agents of said company to him, said Windett, that he should have such right, he had been induced to, and did rely upon the same and was thereby prevented from appearing in said cases to protect his rights or redeem said property within the time allowed by law for so doing, wherefore said company was now estopped from denying such right of redemption.

At the hearing upon pleadings and proofs the bill was dismissed on the grounds that if there had been, in fact, such an agreement to extend the time of payment of the whole principal debt for the period of five years, and to reduce the rate of interest from nine to six per cent. as was alleged, Windett should have availed himself of whatever rights he had under that agreement by coming into the cases in the United States court, at some proper time, and presenting the same to that court for its consideration, and, not having done so, he is precluded from assailing those decrees in this collateral way, because they are conclusive upon him as to all said matters. That so far as his alleged right of redemption is based upon agreement between him and the company, or said several matters of estoppel, the proof was too unsatisfactory to overcome the presumption arising from the decrees of the Federal court, and the sales and deeds thereunder. From that decree of dismissal Windett has appealed to this court.

In one respect, the bill in this case partakes of the character of an original bill, in the nature of a bill of review. The decrees sought to be reviewed were rendered by the Federal Circuit Court, and this bill is in the Circuit Court of the State. The inflexible rule is that both a bill of review proper and an original bill in the nature of a bill of review must be brought in the same court in which the decree sought to be reviewed was rendered. Griggs v. Gear, 3 Gilm. 10.

The court below had no authority or jurisdiction to review the decrees of the Federal Circuit Court. Wetherbee v. Fitch, 117 Ill. 67. The adjudication in the Federal Circuit Court was not only final and conclusive as to the matter actually determined, but as to every other matter which the parties

72    APPELLATE COURTS OF ILLINOIS.

VOL. 27.]        Windett v. Conn. Mut. Life Ins. Co.

were bound to litigate and bring to a decision as an incident to, or essentially connected with the subject-matter of litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and defense. Ashuelot R. R. Co. v. Cheshire R. R. Co., 59 N. H. 409, citing Clemens v. Clemens, 37 N. Y. 59–74; Malloney v. Horan, 49 N. Y. 111–116; Cromwell v. County of Sac, 94 U. S. 351; Case v. Beauregard, 101 U. S. 688; King v. Chase, 15 N. H. 9–15, and other authorities.

Mr. Windett claims that the contract to extend the time of payment for the period of five years, and reduce the interest from the rate of nine to six per cent., was entered into between him and said company March 18, 1879, and subsequently. It was even before his time expired for answering the bills in the Federal Circuit Court. Now, if such an agreement was in fact made, and it was valid and operative, it would control as to the question of condition broken, as respects the mortgages and the right of foreclosure, and bear directly upon the question of the amount due. Those were matters necessarily involved in those suits. He filed no answer; and when the decrees were entered, which he alleges were acts by the company in violation of said agreement and in bad faith, he became immediately cognizant of what had been done, but made no application to the court, at any time, to be relieved touching such acts. Such an application was his only proper remedy (Brown v. Frost, 10 Paige, 243), and not having resorted to it, the decrees in question are conclusive upon him as to that matter.

But it is contended that this case comes within the doctrine of equity allowing an absolute conveyance to be turned into a mortgage by parol evidence, and Mr. Windett claims that while the foreclosure suits were pending there was an oral agreement made between him as mortgagor and the said company as mortgagee, in substance and effect that the foreclosure proceedings should not operate as such, but that the relations between them should continue, notwithstanding such proceedings, to be that of mortgagor and mortgagee, and that he should have the right to redeem after the time for redemption

allowed by law had expired, and that he relied and acted upon that agreement. That question is the only remaining one in the case.

In considering that question under the head of equity, to which it belongs, what are to be regarded as governing rules? It is indisputable that from the decrees of foreclosure, the sales thereunder and deeds to the company as purchaser, a strong presumption arises that the former relation between the parties of mortgagor and mortgagee had been thereby terminated and that the said company had become the absolute owner of the property in accordance with the terms of the said deeds. It is a further rule applicable to such case that the burden rested upon Mr. Windett to overcome that presumption; that in order to overcome that strong presumption the testimony must be clear, positive and convincing beyond reasonable controversy. And some cases hold that the unsupported testimony of the party in interest is not sufficient to support a decree. Howland v. Blake, 97 U. S. 626; Kent v. Lasley, 24 Wis. 654; McClellan v. Sanford, 26 Wis. 595; Oswald v. Sproehnle, 16 Ill. App. 368, and cases cited.

The testimony in the case is very voluminous and conflicting. We can not undertake to state and discuss it and it would be a fruitless task if we did. But, after examining and duly considering all the evidence in the case, we are forced to the conclusion that it falls far short of being of that clear and convincing character which the law requires in such a case. The witness, whose testimony tends to prove the alleged oral agreement, was Mr. Windett himself. He claims, and which is probably true, that while his entire indebtedness under the mortgages amounted to only about $100,000, yet the property in question was worth $300,000, and was continually appreciating in value. His interest in the result was, therefore, very great. We can find in the record no substantial corroboration of his testimony as respects such oral agreement, either by way of facts and circumstances or direct evidence; but do find that he is flatly contradicted as to nearly every statement tending to prove such agreement, by witnesses equally credible with himself. And besides, the case shows many deliberate

acts on his part, done from time to time during the whole transactions in question, which are utterly inconsistent with the theory of the concurrent existence of such an oral agreement.

It would have been far more agreeable to our humane instincts if we could have found in this record such a case, so supported by evidence, as that, under established rules of law, Mr. Windett would have been entitled to the relief prayed; for we regard the case as one of great hardship so far as he is concerned, and the result of misfortunes for which he is in no wise responsible. But for the reasons stated the decree must be affirmed.

*Decree affirmed.*