The Northfield Farmers' Township Mutual Fire
Insurance Company

v.

Benjamin F. Sweet.

*Fire Insurance—Reformation and Enforcement of Policy.*

1. The evidence to justify the reformation in equity of a written contract between parties on the ground of a mistake in facts must be clear,

convincing and satisfactory. It may not be done upon uncertain, doubtful and unsatisfactory evidence.

2.   A disputed signature, which, if genuine, relates to the issue, may be compared with one admitted to be genuine, the same being already in the case as evidence relating to the issue being tried.

[Opinion filed January 7, 1893.]

APPEAL from the Circuit Court of Cook County; the Hon. E. P. VAIL, Judge, presiding.

Messrs. HAMLINE, SCOTT & LORD, for appellant.

A policy will not be reformed unless the evidence that it does not contain the agreement made by the parties to it is so clear and convincing as to leave no room for doubt. Bartholomew v. Mercantile Ins. Co., 34 Hun, 263; Mead v. Winchester Fire Ins. Co., 64 N. Y. 453; Daniel v. Ins. Co., 34 N. J. Eq. 30.    It must be so clear as to overcome the presumption to the contrary which the contract raises. Harrison v. Hartford Fire Ins. Co., 30 Fed. Rep. 862.

The evidence to justify the reformation of a contract in equity must be clear, free from suspicion and entirely satisfactory; the presumption is in favor of the writing.   Shay v. Pettes, 35 Ill. 360; Adams v. Robertson, 37 Ill. 45; Moore v. Munn, 69 Ill. 591; Sapp v. Phelps, 92 Ill. 588; Ewing v. Sandoval Coal and Mining Co., 110 Ill. 290; Schwass v. Hershey, 125 Ill. 653.

It must be of the strongest and most convincing character.    Hunter v. Bilyeu, 30 Ill. 228.

It should leave but little, if any, doubt of the mistake. Miner v. Hess, 47 Ill. 170.

A mistake in fact can not be inferred from loose, doubtful or unsatisfactory evidence.   Goltra v. Sanasack, 53 Ill. 456.

Messrs. SHEDD & UNDERWOOD, for appellee.

A court of equity has power to correct errors and mistakes, to reform contracts and enforce them.

If the contracting parties to a policy of insurance make

a mistake in the description of the premises or in the names of the insured, a court of equity, upon proper proof, has jurisdiction to reform the contract and correct the mistake. Keith v. Globe Ins. Co., 52 Ill. 518; Home Ins. Co. of Texas v. Myer, 93 Ill. 271.

When the agent of an insurance company makes out the application for a policy, and is informed at the time or has knowledge of the material facts contained in it, even though the insured signs the application, the company will be estopped from taking advantage of any error in it. Atlantic Ins. Co. v. Wright, 22 Ill. 473; Andes Ins. Co. v. Fish, 71 Ill. 622; Germania Fire Ins. Co. v. Hick, 125 Ill. 363; German Fire Ins. Co. v. Gueck, 130 Ill. 350.

Where an erroneous statement as to the ownership of the property is inserted in a policy by the mistake of the agent of the company, the company is estopped from taking advantage of such error. Poughkeepsie Savings Bank v. The Manhattan Fire Insurance Company, 30 Hun, 473.

Where an agent of an insurance company, upon his own responsibility, fills out an application for insurance, which the applicant signs, though without acquainting himself with its contents, the representations therein made are conclusive against the company. Dunbar et al. v. Phoenix Ins. Co., 40 N. W. Rep. 386.

Mr. Justice Shepard. The bill in this case was brought to reform and enforce an insurance policy issued to one Owen A. Sweet, when in fact it was intended to have been written in favor of Benjamin F. Sweet, his brother, the appellee. The reformation asked for, is the substitution of the name of appellee for that of Owen A. Sweet, in the policy.

The decree of the Circuit Court found " that it was the intention of B. F. Sweet and O. A. Sweet to have the policy issued to B. F. Sweet and deposited with Klehm as security; that it was an accident or mistake that the policy was issued in the name of O. A. Sweet."

The decree nowhere finds that the insurance company was a party to the mistake.

The material evidence on both sides consisted of the testi-mony of Owen A. Sweet, and one Hoffman, the surveyor or agent of the insurance company, to whom application for the policy was made by Owen A. Sweet, and the written application for the insurance, signed by Owen A. Sweet and delivered by him to Hoffman, wherein Owen A. Sweet is described as the owner of the property insured. The in-sured property consisted of a dwelling house standing on a farm formerly owned by Owen A. Sweet, and agreed by him, previously, to be sold to his brother, Benjamin F. Sweet, and actually deeded to the latter by a conveyance dated and acknowledged February 26, 1887, and recorded in May, 1887. The application for the insurance was signed by Owen A. Sweet, and describes him as the owner of the property insured, and the insurance policy, bearing no date, runs to Owen A. Sweet, and covers a term from March 1, 1887, to March 1, 1892.

There is a direct conflict between the testimony of Owen A. Sweet and Hoffman as to the date when the application was made by Owen A. Sweet for the insurance. Owen A. Sweet testifies that it was on February 28, 1887; Hoffman swears positively that it was on February 23d, the date which the application bears.

The entire transaction, so far as the insurance was con-cerned, occurred between Owen A. Sweet and Hoffman; the company's agent. After the application for the insurance was made, Owen A. Sweet went away, and returned to his home in Minnesota. Hoffman procured the issuing of the policy, and it was sent, by Sweet's directions, to Klehm, who, as township treasurer, held a mortgage on the farm. Neither Owen A. Sweet nor Benjamin F. Sweet ever saw the policy until after the loss by fire occurred. Klehm, who received the policy, testified that he only examined the outside of it, and then shoved it into the safe where papers pertaining to the school funds were kept.

The mortgage was made by Owen A. Sweet, and had been running for a considerable length of time.

Owen A. Sweet testified that he told Hoffman that he

had sold the farm to his brother, and wanted a new policy (it appears the dwelling had been previously insured in the same company and that the old policy was still in force), or at least to surrender the old policy and have a new one made payable to Klehm, and that Klehm was to hold the policy as additional security to the mortgage. He testified positively that he did not sign the blank application which was filled out by Hoffman, and yet he denies his signature to it only by an evasion that bears the marks of insincerity.

On the contrary, Hoffman testified, explicitly, that Owen A. Sweet did not say anything to him about a transfer to his brother, and that nothing was said by Sweet about the mortgage, although he inferred there was one because he was directed to send the policy to Klehm. He also testified with positiveness, that Owen A. Sweet signed the blank application in his presence after he had filled it out.

The record brings up an original letter of Owen A. Sweet, introduced in evidence, that is admittedly in his handwriting and bearing his genuine signature, and also the original application for insurance purporting to be signed by him.

We are entitled to look at these two signatures, and compare the disputed one (if it may fairly be said to be disputed) with the admittedly genuine one. Frank v. Taubman, 31 Ill. App. 592, and cases and text books cited.

From a comparison of the two signatures, we have no doubt that the signature to the application for insurance is that of Owen A. Sweet, and was placed there by him. The testimony of Hoffman is thereby corroborated, and we think he told the truth concerning the application having been signed by Owen A. Sweet, after it had been filled out by him.

The evidence to justify the reformation in equity of a written contract between parties, on the ground of a mistake in fact, must be clear, convincing and satisfactory. It may not be done upon uncertain, doubtful, and unsatisfactory evidence. Hunter v. Bilyeu, 30 Ill. 228; Shay v. Pettes, 35 Ill. 360; Adams v. Robertson, 37 Ill. 45; Miner

v. Hess, 46 Ill. 170; Goltra v. Sanasack, 53 Ill. 456; Moore v. Munn, 69 Ill. 691; Sapp v. Phelps, 92 Ill. 588; Ewing v. Coal & Mining Co., 110 Ill. 290; Schwass v. Hershey, 125 Ill. 653; L. S. & M. S. Ry. Co. v. Hoffert, 40 Ill. App. 631.

The decree of the Circuit Court was that the policy of insurance be reformed so as to make the complainant (appellee), Benjamin F. Sweet, the insured thereunder, instead of Owen A. Sweet, as written in the policy, and that appellant pay to appellee the amount of the policy, $500 and costs.

Tested by principles so well settled as to be almost elementary, we think the evidence wholly failed to support the decree, and we will therefore reverse it with directions to the Circuit Court to dismiss the bill for want of equity at complainant's costs.

*Reversed with directions.*