[No. 4438.]

STRATTON'S INDEPENDENCE, LIMITED, ET AL. v. THE MIDLAND TERMINAL RAILWAY COMPANY.

STRATTON'S INDEPENDENCE, LIMITED, v. THE MIDLAND TERMINAL RAILWAY COMPANY.

1. **Appellate Practice—Transcript—Amendment—Appeal Bond.**

The omission from the transcript of record, lodged with the appellate court, of the appeal bond and indorsements showing date of filing and approval, may be supplied by supplemental transcript showing that such bond was, in fact, filed and approved within the time fixed by the trial court.

2. **Appellate Practice—Parties—Jurisdiction—Freehold.**

Where a railroad company laid a track over the land of a mining company to the ore and coal bins of the mining company, to be used exclusively to haul coal to and ore from said bins, and the mining company, for the purpose of giving another railroad company access to its ore bins, removed the track of the railroad company and laid one of its own connecting it with the tracks of both railroad companies, and the railroad company which had laid the track procured a judgment authorizing it to relay its track and enjoining both the mining company and the other railroad company from interfering with its relaying or operation of the track, the mining company being the owner of the fee over which the track was to be laid had a right to have the entire judgment, against the defendant railroad company as well as against itself, reviewed by the supreme court, and could appeal

therefrom, using the name of the railroad company as a co-appellant whether or not said railroad company joined in such appeal, and the right of the defendant railroad company to use the track in hauling coal and ore to and from said bins was an easement in real estate and the judgment against it involved a freehold and the supreme court had jurisdiction to review said judgment.

3. **Railroads—License—Revocation.**

Where a railroad company at the request of a mining company built its track over the land of the mining company to its ore bins, with the purpose of using such track exclusively in hauling freight for said mining company, and without any conveyance of or promise to convey by the mining company of a right of way over which the track was built, and without having paid said mining company any compensation for the license to construct such track, and without any promise by the mining company that such license should continue for any definite length of time, the license granted by the mining company to the railroad company to operate such track was revocable at the will of the mining company.

*Appeal from the District Court of Teller County.*

At the written request of Stratton's Independence, Limited, a mining corporation, The Midland Terminal Railway Company constructed a track to the ore and coal bins of the former. This track was constructed over the property of the mining corporation, but does not extend beyond the ore and coal bins of that company. Subsequently the mining company changed the location of its ore bins, and an additional track was laid by the ralroad company to these bins. This track is also wholly on the property of the mining company, and is the particular subject of controversy involved. It does not extend beyond these bins, and was never used, or, at least, was never intended to be used, for any purpose except to ship ore of the mining company. After this track was so laid, the mining company wished to make arrangements whereby The Colorado Springs & Cripple Creek Dis-

trict Railway Company, hereafter mentioned as the Short Line, could have the use of such tracks, so that ore might be shipped over that line, as well as the Midland Terminal. Not being able to effect such arrangement with the latter company, the mining company took up the part of the track in controversy, and replaced it with one of its own, but connected it with the other track built by the Midland Terminal, and also made connection with the Short Line, so that this track could be used by either company. Later the Midland company undertook to tear up this track, but was prevented from so doing by the mining company. The Midland company then commenced an action against the mining company, and the Short Line, to restrain them from interfering with its relaying the track over the line in question, or its operation when relaid. The mining company also commenced an action to restrain the Midland company from interfering with the track laid by the mining company. Preliminary injunctions were issued in each case. The causes were consolidated for trial, and on the issues made, judgment was rendered in favor of the Midland company, granting it the right to relay its track, and permanently enjoining interference therewith by either the mining company or the Short Line, or its reoccupation of the grade from which its track had been removed. The cause commenced by the mining company was dismissed. From this judgment the mining company and the Short Line prayed, and were allowed, an appeal to this court. After the cause was at issue here, and had been set for oral argument, the appellee moved to dismiss the appeal. This motion is based upon two grounds: (1) Because it appears from the transcript that appellants did not file the appeal bond required by order of the district court; and (2) because the appeal attempted to be taken is joint, and so far as the Short Line is con-

cerned, no judgment was rendered against it, nor is any question or right involved affecting its rights which vests this court with jurisdiction to review the judgment rendered against it. Appellants then filed a cross-motion for leave to file a supplemental transcript, in which motion they state that through error or mistake of the clerk of the district court, he omitted from such transcript a copy of the appeal bond, together with the indorsements thereon, showing the date of filing and approval. In support of the motion they tendered a supplemental transcript, from which it appears that the appeal bond required by order of the district court was, in fact, filed and approved within the time fixed by such order.

Messrs. McBETH & MAY, Mr. ROBERT G. WITHERS, Messrs. LUNT, BROOKS & WILCOX, Messrs. THOMAS, BRYANT & LEE, and Messrs. HELM & DIXON, for appellants.

Mr. CARL C. SCHUYLER and Mr. H. M. BLACKMER, for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

The omission from the transcript of record lodged in this court on appeal of the appeal bond and indorsements showing the date of filing and approval may be supplied by supplemental transcript showing that such bond was, in fact, filed and approved within the time fixed by the trial court.

The action was commenced and maintained by plaintiff on the theory that the license granted by the mining company was irrevocable. To this action the Short Line was made a party. It appears from the pleadings, as well as the testimony, that the purpose of the mining company in taking up the track in question and laying down one of its own, was to con-

nect the latter with the tracks of the Midland as well as the Short Line company, so that each might have access to the ore bins of the mining company. It appears that the mining company intended, if it had not, in fact, so arranged with the Short Line, that the latter should have the use of this track. The purpose of plaintiff in making the Short Line a party was to secure a judgment which would prevent it from in any manner interfering with plaintiff's grade or track, which it claimed the exclusive right to use and control. The judgment entered expressly inhibits the Short Line company from in any manner interfering with the reoccupation of the grade upon which the Midland company claims the right to construct and maintain its track. So long as this judgment stands, the Short Line company would certainly be prevented from using the track in question, even though it should be held that the mining company had the right to take up the track laid by the Midland company and construct one of its own. The mining company has the right, if entitled to lay and control the track in controversy, to enter into an arrangement with the Short Line whereby the latter may have the use of such track. The effect of the judgment is to inhibit the mining company from entering into such an arrangement with the Short Line, even if the former should be decreed the right to lay and control its own track over the grade which the Midland company claims. The mining company is the owner of the fee over which such track may be constructed, and it has the right to have the judgment against the Short Line reviewed, because that judgment affects its (the mining company's) interest in a freehold. In order, then, to have the questions at issue fully determined, and its rights fully protected and adjudicated, the mining company, by virtue of section 400 of the code, could have appealed from the entire judgment,

and in so doing, used the name of the Short Line, even if the latter had not joined in the appeal. The Short Line is also prevented from entering into an arrangement whereby it could enjoy the easement to which it is entitled by virtue of an arrangement made or hereafter to be entered into with the mining company, because it is also enjoined from in any manner interfering with the reoccupation of the grade claimed by the Midland company. This right, of which the Short Line is deprived by the judgment, is an easement in real estate, and hence, as to it, a freehold is also involved.—*Wyatt v. Irr. Co.*, 18 Colo. 298. The motion to dismiss the appeal is denied.

As has often been remarked in opinions, discussing the question of whether or not an executed parol license which imposes a servitude on an estate in lands is revocable at the will of the licenser, the authorities are conflicting and irreconcilable. It can, therefore, serve no useful purpose to undertake a discussion of the various propositions under which the courts have reached opposite conclusions on that subject. The case at bar has peculiar features by virtue of which our conclusion is controlled, which clearly distinguish it from any case on that question decided by this court or the court of appeals, particularly *Tynon v. Despain*, 22 Colo. 240; and *DeGraffenried v. Savage*, 9 Colo. App. 131. The license granted to the Midland company was limited in the sense that it could only be enjoyed in handling freight for the mining company. There was no compensation paid, or exacted, for such license; no promise to convey a right of way over which the track was constructed; no promise that such license should continue for any definite length of time. The written request to build granted no right to the railway company different from that which would have passed had the request been verbal. The arrangement entered into was for

the mutual accommodation of the mining and railway companies. It was never intended that the track in question should be extended beyond the limits of the property of the mining company, nor was it ever extended beyond such limits; neither was it used or intended to be utilized except in connection with the business of the mining company. The purpose of having the track extended to the bins of the mining company was to afford it better facilities for transporting its ore. By building the track the Midland company secured the transportation of such ore, as well as supplies which the mining company shipped in for use in operating its mine. The Midland company, therefore, has not been defrauded or misled, nor has it expended money on the faith of the license granted except so far as by such expenditure it expected to be, and has been, benefited by the business obtained from the mining company. The railway company was certainly under no obligation to maintain the track in question. It could have removed it at its pleasure, and the mining company would have had no recourse against it for any breach of contract. It is apparent, therefore, that there was no contract mutually binding and obligatory upon each of the parties, but the arrangement entered into was only for their mutual convenience, so long as the railroad company saw fit to operate its cars over the track, or the mining company to permit it to occupy its ground for the purpose of maintaining such track. In such circumstances we are of the opinion that the license granted the Midland company by the mining company was revocable at the will of the latter.—*Nat. Stock Yds. v. Wiggins Ferry Co.,* 112 Ill. 384; *Minn. Mill. Co. v. Minn. & St. L. Ry. Co.,* 51 Minn. 304; *Jackson & Sharp Co. v. P. W. & B. R. R. Co.,* 4 Del. Chan. 180; *L. S. & M. S. Ry. Co. v. Hoffert,* 40 Ill. App. 631.

The judgment of the district court is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Judgment reversed.*

Steele, J., not sitting.