## I. R. SNOW
### v.
## A. J. WIGGIN.

1. COMPARISON OF HANDWRITING.—Where the question at issue was the alleged indorsement of a note by appellee, who denied the signature to be his, the admission in evidence of another note and of appellee's plea, in order to compare his handwriting in such papers with the alleged indorsement would be error.

2. INSTRUCTIONS.—Instructions must be based on the evidence. As there was no evidence to support the court's modification of the instruction in question, and its effect was to mislead the jury and injuriously affect appellant, it was error to give it.

APPEAL from the Circuit Court of Bureau county; the Hon. GEO. W. STIPP, Judge, presiding. Opinion filed June 14, 1886.

Messrs. HENDERSON & TRIMBLE, for appellant.

Messrs. ECKELS & KYLE, for appellee.

WELCH, J. This was a suit brought by the appellant against the appellee to recover the amount of a note executed by John Iglehardt, March 27, 1883, to the appellee, for the sum of twenty dollars, payable " six months after date, without interest, if paid when due; if not paid when due, eight per cent. interest from the date of the note." This suit is against the

appellee as the indorser of the note. Suit was brought before a justice of the peace; appellee denied the indorsement of the note, under oath; trial before the justice resulted in favor of the appellee; an appeal was taken by the appellant to the cir-. cuit court, trial resulting in favor of the appellee, from which this appeal is taken. Various errors are assigned.

1st. The court erred in refusing to admit proper evidence that was offered on behalf of the plaintiff, and in excluding such evidence from consideration by the jury.

2d. The court erred in refusing to give to the jury the plaintiff's fourth instruction, as asked by counsel, and in modifying the said instruction, and in giving the same as so modified.

3d. The court erred in giving to the jury the defendant's instructions, and each of them except the eighth.

4th. The court erred in refusing to set aside the verdict, and in overruling the plaintiff's motion for a new trial.

5th. The court erred in rendering judgment in favor of the defendant and against plaintiff.

6th. The verdict of the jury is contrary to the law of the case.

7th. The verdict of the jury is contrary to the evidence in the case, and against the weight of the evidence.

It is insisted the court erred in not admitting in evidence a note of seventy dollars, and also the plea filed by the appellee denying the indorsement. Under the rule announced by our Supreme Court (Jumpertz v. People, 21 Ill. 376; Kernin v. Hill, 37 Ill. 209; Massey v. Farmers National Bank, 104 Ill. 327), there was no error in excluding this evidence.

The appellant, under the issues in this case, was required to show by a preponderance of the evidence, first, that the appellee indorsed the note, and second, that the maker had no property subject to execution at the maturity of the note, and had not had, up to the time of the institution of this suit. There is no conflict in the evidence as to the second proposition. All of the evidence sustains the proposition that the maker had no property subject to execution at and after the maturity of the note. The real issue was on the indorsement.

Appellant testifies that the appellee indorsed the note—wrote his name across the back of it with his own hand. Eroy states: "I saw Mr. A. J. Wiggin with his name on the back of this Iglehardt note." Roberts, a bank cashier, stated that he had seen notes in their bank that he knew Wiggin had signed, and that he knew his signature well enough to recognize it when he saw it. He said he thought the indorsement on the note was in the handwriting of Wiggin. Ferris, another bank officer, states that he thought he could recognize the defendant's signature wherever he should see it, and that he thought the name indorsed on the note in question was in the handwriting of Wiggin. Wiggin himself states, on his cross-examination, "I have looked at my name where I signed it to the plea and affidavit attached to the plea, by which I have denied the indorsement of the Iglehardt note, and I have looked at my name as it is written on the back of that note, and I admit that they look alike. I have always said that my name is written just as well on the back of that Iglehardt note as if I had done it myself. It looks just like my own writing and signature."

Appellee, on his examination in chief, denies the indorsement. There being no other evidence in relation to the indorsement, it was essential that the jury should have been properly instructed. The fourth instruction asked by the appellant:

"4. The jury are instructed that it is immaterial, in this case, what idea the defendant had as to his liability as the indorser of the note in question; such liability is fixed by the law, and if the jury believe from the evidence that the defendant sold or traded and indorsed the note to the plaintiff by writing his name thereon, then he is liable, in law, as the indorser, whatever may have been his intention or understanding at the time."

But the court then and there refused to give the said instruction to the jury as asked by counsel for the plaintiff, and thereupon then and there modified the same by adding the following, to wit:

"This is the law, if the jury believe from the evidence that

he knew at the time he wrote his name on the back of the note that he was writing his name on the back of that note."

And the court then gave said instruction, as so modified by the court, to the jury.  To the modification of said instruction by the court as aforesaid, and to the giving of the same as so modified, to the jury, the plaintiff by his counsel then and there excepted, etc.

The instruction as asked should have been given, and it was error to annex to it the modification; it responded to no issue made in the case.  (The only issue presented was an unqualified denial of the indorsement.)  The court by this modification told the jury, that "although you may believe that the appellee wrote his name upon the back of this note, you must still further believe that he knew that he was writing his name on the back of the note."  Appellee made no claim that he signed it by mistake, but claims his signature was a forgery. There was no evidence to support this modification, and its only effect could have been to mislead the jury and to injuriously affect the appellant.

It is also insisted by the appellant that certain of the instructions given for the appellee should not have been given.

The first instruction was not accurately drawn, but we would not feel inclined to reverse on that account.  The manner in which it was drawn was to some extent misleading.  The sixth and seventh instructions given for the appellee should not have been given.  There was no paper in evidence before the jury with which the jury could compare the signature of the appellee to the indorsement.  This being so, both of the instructions should have been refused.

For the errors herein indicated, the judgment is reversed and cause remanded.

Reversed and remanded.