## JULIUS FRANK ET AL.

### v.

## ELIZABETH TAUBMAN.

*Landlord and Tenant—Forcible Detainer—New Lease—Disputed Signature—Forgery—Evidence—Notice to Quit—Verdict.*

1. A disputed signature, which, if genuine, relates to the issue, may be compared by the jury with one admitted or proved to be genuine, the same being already in the case as evidence relating to the issue being tried.

2. The verdict of the jury, where the evidence is conflicting, disposes of the issue of fact, and subsequent affidavits of the members thereof as to the grounds of their verdict can not be considered.

3. No notice to quit is necessary, where a tenant or sub-tenant is holding over.

4. In an action of forcible detainer, it being contended by the defendant that he was in possession under a new lease, this court holds that the appeal bond and receipts signed by the plaintiff, offered in evidence by the defendant to prove, by comparison, that her alleged signature to the lease in question was authentic, were properly excluded as irrelevant.

[Opinion filed April 3, 1889.]

Appeal from the Circuit Court of Cook County; the
Hon. Frank Baker, Judge, presiding.

Mr. Allan C. Story, for appellants.

Mr. W. A. Foster, for appellee.

Gary, J. This is an action of forcible detainer by the
appellee against the appellants. The appellants defended
upon the allegation that the appellee had made a new lease,
under which the possession was held.

In aid of the proof of the execution of the new lease, which
the appellee denied, they offered in evidence the appeal
bond, and many receipts for rent signed by her, that the jury
might, under the authority of Brobston v. Cahill, 64 Ill. 356,
compare the disputed signature with those on the appeal
bond and receipts. The receipts had no relation to any issue
in the case, and were, therefore, as independent evidence,
irrelevant. The claim that they should have been admitted
to contradict her statement that she wrote as well as signed
them is not well founded; for even if a fair construction of
her testimony amounts to such a statement, it was made on
cross-examination, and her answer on matter irrelevant to the
issue is conclusive. 2 Taylor on Ev., Sec. 1435; 1 Greenl. on
Ev., Sec. 449.

As to the appeal bond, the case cited seems to give color to
appellants' claim, but still is not in point. There was nothing
in the case requiring the jury to see the appeal bond. The
case is like Snow v. Wigg'n, 19 Ill. App. 542, in which the
appellants sought to put before the jury the signatures of
the defendant to a plea and affidavit, in the same case, and
the court there held that they were inadmissible. If a signa-
ture is already in the case, as evidence relating to the issue
being tried, then that signature, admitted or proved to be
genuine, may, by the jury, be compared with another which
is disputed, but which, if genuine, relates to the issue. And

so the cases in 64 Ill. and 19 Ill. App. are consistent, and they are both consistent with Jumpertz v. The People, 21 Ill. 376, Kernin v. Hill, 37 Ill. 209, and Massey v. Farmers Bank, 104 Ill. 327; and the case in 37 Ill. also disposes of the offer to prove, by an expert, that the disputed signature was the same handwriting as others shown to the witness. The verdict of the jury upon conflicting evidence disposes of the issue of fact, and their affidavits as to the grounds of their verdict were not admissible. The cases are familiar and easily found in the digests.

No notice to quit is necessary where a tenant or sub-tenant is holding over. The sub-tenant had no right in the premise not before held by his immediate landlord. There is no question in the case worthy of attention, but that relating to the appeal bond, and that is not distinguishable from 19 Ill. App. 542.

*Judgment affirmed.*