### Michael Fitzgerald v. George J. Cooke Company.

#### Gen. No. 13,218.

This case is controlled by the decision in George J. Cooke Co. v. Fitzgerald, 131 Ill. App. 133.

Forcible detainer. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 29, 1907.

**Statement by the Court.** This is an appeal from a judgment of the Circuit Court in forcible detainer obtained by the George J. Cooke Company, a corporation, against Michael Fitzgerald. It was for restitution of certain premises at 95 Sholto street, in the city of Chicago. The original suit was begun before a justice of the peace in Chicago on January 30, 1906, against John Fitzgerald and Michael Fitzgerald. Judgment went against both defendants, whereupon both appealed to the Circuit Court. April 16, 1906, in the Circuit Court, on motion of the plaintiff, all papers and proceedings in the cause were amended by a discontinuance of the action against John Fitzgerald. Thereupon the cause was submitted to a jury, who found Michael Fitzgerald guilty of unlawfully withholding from the plaintiff the premises in question. A motion for a new trial was made by the defendant and overruled by the court. Judgment was given for the plaintiff. The defendant appealed to this court and in this court has assigned as error that the court admitted improper and excluded proper evidence, gave improper instructions and refused to give proper ones, and erred in denying the motion for a peremptory instruction

for the defendant and the motion for a new trial, and in instructing the jury orally.

The original bill of exceptions did not include a certificate that it contained all the evidence given in the cause. On a suggestion of diminution of record, leave was given to file an additional record, and February 18, 1907, there was filed in this court as an additional record an order entered in the Criminal Court on February 6, 1907, *nunc pro tunc* as of the 20th day of June, 1906, which purported to amend the certificate of the judge who signed the bill of exceptions so as to certify the facts by inserting the following, to-wit:—

"The foregoing bill of exceptions contains all the testimony and evidence introduced in the case by either and both of said parties."

The order shows that the plaintiff excepted to its entry, and on March 20, 1907, it filed in this court a motion to strike out and disregard this amendment or supplement to the transcript of the record. This motion was reserved for decision with the merits of the cause.

THOMAS J. YOUNG, for appellant.

ALDEN, LATHAM & YOUNG, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

If we felt it necessary to take up point by point in this case the argument of appellant and the answer thereto by appellee, we should be obliged to prepare an elaborate opinion. As the facts shown by the evidence in this case, however, and their legal effect have been before this court heretofore in another case—in which the same plaintiff, the George J. Cooke Co., sued in forcible detainer John Fitzgerald, the brother of the defendant in the present case—we do not consider such a course necessary. The suit in question was for the restitution of the same premises involved in the present case, and arose out of precisely the same transactions. In that case the justice before whom the suit was

originally brought gave judgment for the plaintiff.    The County Court, to which the defendant appealed, gave judgment for the defendant, and this court reversed the judgment of the County Court, and remanded the cause for further proceedings not inconsistent with its opinion.    131 Ill. App., 133.    In that opinion it stated its conclusion from the same facts shown in the present record, that John Fitzgerald was not a tenant from month to month of the premises involved after June 23, 1905, but that he was after that date a tenant of the said premises for the fixed term of one month only— his tenancy expiring on July 23, 1905.

Because of that conclusion we held that no demand or notice of any kind was necessary to terminate John Fitzgerald's tenancy, nor to render a suit for possession under the forcible detainer statute sustainable.    (Revised Statutes, chapter 80, section 12.)    We held also that it made no difference that the subtenant or assignee, Michael Fitzgerald, rather than the original tenant, John Fitzgerald, was in physical possession of the premises and holding over.    Michael's visible possession was held to be the constructive possession of John.    As sustaining these positions we cited Condon v. Brockway, 157 Ill., 90, and Frank v. Taubman, 31 Ill. App., 592.

The contention was made in that case, as in this, that a new term was created by the holding over.    But we said in that case, and repeat here, that "Holding over after the expiration of the tenancy does not vest in the tenant any new right nor operate to extend his term.    In certain conditions the landlord may elect to treat the holding over by the tenant as operating to create a new term, but the election under such conditions, rests with the landlord, not the tenant. Clinton Wire Cloth Co. v. Gardner, 99 Ill., 151; Keegan v. Kinnare, 123 Ill., 280." |

In that case also it was urged that the notice of July 13, 1905, by the plaintiff, directed to John Fitzgerald and served on Michael, that the rent of the place would be thereafter $200 a month, made Michael, on holding over, a tenant at that rent.    But this contention was also denied force by us,

and it was said that "The terms of the original tenancy were not disturbed or altered in any manner by that action."

The view which we took in this former case of the facts connected with the situation involved both in that case and in this, we see no reason to change. The Cooke Company leased the premises, verbally, to John Fitzgerald for a month only on July 13, and gave a receipt for the rent which it received. That constituted John Fitzgerald the tenant of the Cooke Company, and he could not, nor could his *locum tenens* or assignee or subtenant deny that relation or attack their landlord's title when it became convenient thereafter. John Fitzgerald went away out of the country, and turned over the possession of the premises to Michael on July 13. Michael was from that time in possession of John's rights as tenant and no others. The Cooke Company were pursuing their lawful right when they sued John Fitzgerald in forcible detainer, and they were equally within their lawful right when they sued Michael Fitzgerald in the same kind of a suit. They were entitled to a judgment against each and both.

In the view we take of the case it is apparent that there was no error in hearing the testimony concerning the conversation between George J. Cooke and John Fitzgerald in the absence of the appellant, Michael Fitzgerald. Michael Fitzgerald's rights depended on the contract which fixed John's. It was not error to allow that contract to be proved; it would have been error to have refused such proof.

It is vigorously contended that the testimony of the president of the appellee corporation, George J. Cooke, did not show that the corporation ever became the landlord of either John Fitzgerald or Michael Fitzgerald, but at most tended only to prove that George J. Cooke individually was such landlord. We do not ascribe much importance to this point. The suit was brought by the appellee company. Mr. Cooke was placed on the stand and swore that he was the president of the appellee company. When he used the singular personal and possessive pronoun in speaking of making the lease and the condition that Fitzgerald was to take " his "

beer, neither court, counsel, jury nor parties, in our opinion, failed to know what he meant. We certainly do not. He was cross-examined at some length, but we fail to see in the record that counsel tried to make clearer, if there were any doubt, whom Mr. Cooke represented when he said, "I made an arrangement that he was to rent the place from me," etc., and "he was to take my beer," etc.

In our opinion there was no reversible error in the instructions or in the refusal to instruct, or in any of the remarks of the court.

In our opinion, also, substantial justice has been done, and any other verdict or judgment would have been unwarranted and worked injustice. The judgment of the Circuit Court is affirmed.

There was a reserved motion to strike from the record an amendment to the transcript filed since the appeal was brought here. It is denied. We have considered the case on its merits without reference to the alleged deficiencies of the bill of exceptions.

*Affirmed.*