# Kathleen M. H. Besley, Defendant in Error, v. Edward Ridgely, Plaintiff in Error.

## Gen. No. 21,155.

1. LANDLORD AND TENANT, § 88*—*when tenancy from year to year by holding over created.* Where defendant remained in possession after the expiration of his lease for a year it cannot be contended that he so remained pending negotiations for a new lease, it appearing that prior to the expiration of the lease plaintiff sent defendant a new lease and also made repairs at the request of defendant, for the reason that in such case there was no room for negotiation, plaintiff having made known the conditions under which she was willing to continue the tenancy by sending the lease and making the repairs.

2. LANDLORD AND TENANT, § 88*—*when tenancy from year to year implied.* Where a tenant under a lease receives a copy of a new lease for a further term in ample season to enable lessee to accept or reject such lease prior to the expiration of the term of the existing lease, which lessee fails to do but remains in possession after such expiration, paying rent at the same rate as before, the law implies an agreement to continue as tenant for another year at the same rental, in which case it is immaterial that before vacating the tenant sent a thirty-day notice of intention to leave, it appearing that he vacated before the end of the extended term of the lease.

3. LANDLORD AND TENANT, § 88*—*when landlord deemed to have elected to treat contract as from year to year.* In an action to recover for rent due under a lease where it appeared that defendant by his conduct had impliedly agreed to continue as tenant for another year after the expiration of his lease, the election of plaintiff so to treat the contract may be fairly inferred from the fact that plaintiff sent defendant a new lease for another year on the terms of the old lease, and accepted rent at monthly intervals at the old rate.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

FOREMAN, LEVIN & ROBERTSON, for plaintiff in error.

LYMAN, ADAMS & BISHOP, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

We desire to call the attention of counsel to their violation of section 99, ch. 110 (J. & A. ¶ 8636), entitled "Practice," in not entitling their case on review as it is entitled in the trial court, as provided by said section 99. The abstracts and briefs are all erroneously entitled. The statute was passed to preserve uniformity of title in every court and to prevent confusion arising from changes in titles, and should be obeyed accordingly.

This is an action for one month's rent of an apartment in which the parties hereto are respectively landlord and tenant. The landlord prevailed in the trial court and the tenant seeks this review. The controlling facts are as follows:

First. Ridgely, the defendant, occupied under a written lease an apartment of plaintiff at 201 East Chestnut street, Chicago, from November 1, 1909, to September 30, 1912, at a monthly rental of $135.

Second. Following a conversation between defendant and an agent of plaintiff, a written lease for another year was sent by the agents of plaintiff to defendant for execution by him prior to the expiration of the existing lease.

Third. There was some discussion about certain repairs to be made by the landlord to the satisfaction of defendant's wife, and a reduction in the rent was sought.

Fourth. Certain repairs were made and defendant continued to occupy the apartment until July 31, 1913,

when he removed all his effects from the premises
with the exception of two trunks, which remained in
the apartment until the next day, as defendant admits,
but as plaintiff claims until the day thereafter, being
August 2nd.

Fifth.  On June 30, 1913, defendant gave notice to
plaintiff that he would surrender possession of the
apartment on July 31, 1913, and terminate the tenancy
at that time.

Sixth.  That the lease sent defendant was retained
by him, but he did not execute it.

Seventh.  That defendant paid rent from the termi-
nation of his first lease, September 30, 1912, to July
31, 1913, at the same rate as theretofore, and that this
action is for August 1913 rent.

Defendant's counsel have, both in printed and oral
argument, striven with much industry and ingenuity
to distinguish their case from the general well-settled
principles of law applicable to the facts as above out-
lined.  However, from the conclusions at which we have
arrived, it is evident that their efforts in this regard
have been unsuccessful.

Defendant's counsel state in their brief that plain-
tiff contends that she was entitled to recover $135 as
rent for the month of August on the theory, first, that
defendant remained in possession of the premises after
the expiration of the old lease and therefore became a
tenant for another year; and, second, that if the facts
did not constitute a hold-over tenancy from year to
year, the plaintiff in error was a tenant from month
to month and was liable for the August rent by reason
of the fact that the two trunks remained in the apart-
ment after the first of August.

It is a denial of the facts to contend that defendant
remained in possession pending negotiations for a new
lease.  There was nothing to negotiate after plaintiff
had made known the conditions under which she would
be willing to continue the tenancy, which she made

evident by sending defendant a new lease and by making the repairs. The lease was sent in ample time for defendant to accept or reject it before the term of the existing lease expired, and he did neither. By remaining in possession after the expiration of the old lease and paying rent thereafter according to the terms of the old lease, the law fixes his status and holds him as tenant for another year at the same rental. Furthermore, as to the amount of the rent, defendant ratified what the law exacted by continuing to pay at the same rate. The giving of the thirty-day notice did not change the status of the contract of the parties, which the law implied from defendant's holding over and continuing to pay rent at the rate fixed by the old lease.

Of all the cases—and they are numerous—announcing the doctrine that, where a tenant occupies premises under a lease for a year or years and holds over after the expiration of such lease, without having made any new agreement with the landlord under which such holding over takes place, the tenant may, at the election of the landlord, be treated as tenant for another year upon the terms of the original lease *Clinton Wire Cloth Co. v. Gardner*, 99 Ill. 151, is most analogous on fact and principle to the one at bar, possessing, as it does, many of the same controversial elements. The election of plaintiff to hold defendant for another year may be fairly inferred both from the sending to defendant of a lease for one year upon the terms of the old lease, and the acceptance of monthly rental from defendant at the old rate. This case does not come within the ruling of *Schilling v. Klein*, 41 Ill. App. 209, and kindred cases.

The judgment of the Municipal Court is right, and it is therefore affirmed.

*Affirmed.*