(No. 12962.—Judgment reversed.)

J. C. ANDERSON, Plaintiff in Error, *vs.* W. T. DODSWORTH, Defendant in Error.

*Opinion filed April 21, 1920.*

1. LEASES—*construction of lease giving lessee option to extend lease for "one, two or three years."* A clause in a lease giving the lessee the option of extending the lease on the same terms "from year to year for the period of one, two or three years" from the date of its expiration gives the lessee the privilege of extending the lease for either of the periods mentioned, but to avail himself of a longer period than one year he must make his election during the original term and must give notice of the period he elects.

2. SAME—*status of tenant who holds over under option to extend lease for "one, two or three years."* Where an option is given the tenant in a lease for a year to extend the lease for "one, two or three years" there can be but one election, and if the tenant holds beyond the original term without notice as to which period he desires he will be deemed to hold over for the shortest period, and after the expiration of that year he has no further right to possession under the lease but his continued possession is that of a tenant from year to year, and he is entitled to the statutory sixty days' notice before suit can be maintained to dispossess him.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. NORMAN L. JONES, Judge, presiding.

THOMPSON & THOMPSON, for plaintiff in error.

BELLATTI, BELLATTI & MORIARTY, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court by the granting of a petition for a writ of *certiorari* to review a judgment of the Appellate Court for the Third District affirming a judgment of the circuit court of Morgan county.

Plaintiff in error leased a farm from Lewis Roberts by a written lease from March 1, 1914, to March 1, 1915. He continued to occupy the farm and pay the rent provided by the lease until March, 1918. On the 26th of April, 1917, Roberts executed a written lease to defendant in error for the year from March 1, 1918, to March 1, 1919, and on the second day of March, 1918, the lessee under that lease brought an action of forcible detainer against plaintiff in error before a justice of the peace. The trial there resulted in a judgment for plaintiff in error. On appeal to the circuit court the trial resulted in a judgment for defendant in error, which was affirmed on a further appeal to the Appellate Court.

The lease, in addition to providing for the rent to be paid and the terms of the leasing generally, contained the following clause: "And it is further covenanted and agreed between said parties that the lessee shall have the privilege of extending this lease on the same terms and conditions as herein expressed and at the same rental from year to year for the period of one, two or three years from the first day of March, 1915." The decision of the case depends upon the construction of that clause.

The lease contained no provision for notice to the landlord by plaintiff in error of his election to extend the term after the expiration of the year for which the farm was unconditionally leased. Plaintiff in error continued in pos-

session for the years 1915, 1916 and 1917, paying the rent and complying with the terms of the lease. The position of plaintiff in error is that he made no election of the option·to keep the farm beyond the year for which he had leased it unconditionally; that under the terms of the lease, if he desired to avail himself of the option to extend it for an additional period provided, it was necessary that he give notice of his election before the expiration of the express term of one year; that he had the right to but one election, and could then elect whether he would retain the farm one, two or three years longer. He gave no notice of election, and contends that if his holding over after the expiration of the year was an election by implication, it was for the shorter period of the optional term, namely, one year. Thereafter, it is contended, he was a tenant from year to year and was entitled to the sixty days' notice required by statute before he could be dispossessed. The construction of the lease contended for by defendant in error is that plaintiff. in error was given the option of extending the lease from year to year for a period of one or two or three years from March 1, 1915; that he could only elect to extend it one year at a time, and when he remained in possession after March 1, 1915, it was an election to stay one year, and by remaining in possession of the farm he continued to elect to stay another year until the three years had expired, which was March 1, 1918, at which time the lease and the right of. election ceased and determined and plaintiff in error was required to vacate and give possession without notice.

It will be seen that the material question is whether the lease gave plaintiff in error one option of electing to remain in possession for an additional period of either one, two or three years, as he might elect, or whether he had three options,—that is, whether he had the option at the expiration of the term March 1, 1915, to elect to remain another year, and at the expiration of that year to elect to remain an-

other year, and so on until the expiration of the year March 1, 1918. The argument in support of that construction in substance is, that the option given plaintiff in error was to extend the lease "from year to year," which means one year at a time for three years, and remaining in possession was an election for each year, as the lease contained no provision requiring that notice of an election be given.

By the clause referred to in the lease the landlord covenanted and agreed that plaintiff in error should have the privilege of extending the lease "on the same terms and conditions as herein expressed and at the same rental from year to year, for the period of one, two or three years from the first day of March, 1915." Does that language mean the option given was to extend the lease from year to year until March 1, 1918, or does it give the option to extend the lease either one, two or three years, as the lessee might elect? We are of opinion the correct construction of the language referred to is that the option given was to extend the lease on the same terms and conditions and at the same annual rental for a period of either one, two or three years, and that to avail himself of the option to extend the lease three years it was necessary for the lessee to give notice in some way of his election during the original term. It may be conceded that holding over after March 1, 1915, should be construed as an election to extend the term of the lease, but it could not be construed as an election to extend the lease for the three-year period. Where an option is given the tenant to extend the lease for one of several periods named there can be but one election, and if the tenant holds beyond the original term without notice which period he desires, he will be deemed to hold over for the shortest period. (5 Elliott on Contracts, secs. 4557, 4558; *Falley v. Giles,* 29 Ind. 114; *Lanham v. McWilliams,* 6 Ga. 85.) The leases considered in the Indiana and Georgia cases were very similar to the lease in this case.

It is not controverted by defendant in error that the rule stated is correct if the lease gave the plaintiff in error the option · of extending the lease an additional term of one or more years, but it is contended that rule should not be applied in this case, and it should not be if we agreed with defendant in error as to the meaning and effect of the optional clause of the lease. As before stated, we understand the privilege or option given ·plaintiff in error was to extend the lease for either of the periods mentioned; that if he desired to avail himself of a longer period than one year he should have so elected during the original term. The lease contained no provision for notice of election, but necessarily he would be required to give notice of the period he elected. Not having given any notice but remaining in ·possession after March 1, 1915, he was deemed to have elected to extend the lease one year. After the expiration of that year he had no further right to possession under the lease, and his continued possession thereafter was as tenant from year to year.

Some reference is made to a conversation between the landlord and plaintiff in error about when the latter would give possession. The landlord testified the conversation occurred in the summer of 1915. Plaintiff in error and his son testified the conversation occurred at corn planting time in 1914. Without referring to what the testimony was, it is sufficient to say it was contradictory and was not of a character to have any weight in the decision of this case.

For the reasons stated the plaintiff in error was entitled to the statutory notice required to be given a tenant from year to year before suit could be maintained to dispossess him. No notice having been given him, the judgments of the Appellate Court and circuit court are reversed.

*Judgment reversed.*